IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANDREW BURL WRIGHT, | : | MOTION TO VACATE |
| Reg. No. 45699-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL NO. |
| v. | : | 1:95-CR-139-LMM-GGB-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:15-CV-1500-LMM-GGB |

**FINAL REPORT AND RECOMMENDATION**

Movant, Andrew Burl Wright, confined in the Federal Correctional Institution in Edgefield, South Carolina, submitted a "motion to reopen" his three previous 28 U.S.C. § 2255 motions to vacate, set aside, or correct sentence. [Doc. 102]. The Clerk construed the "motion to reopen" as Movant's fourth motion to vacate. The Government filed a response in opposition [Doc. 107], and Movant filed a reply [Doc. 108].

On August 3, 2015, I granted Movant's motion for leave to amend in order to supplement his construed fourth motion to vacate. [Docs. 109 and 110]. I also gave the Government an opportunity to file a further response to Movant's construed fourth motion to vacate. [Doc. 110 at 2]. The Government then filed a motion to dismiss the construed fourth motion to vacate as successive [Doc. 111],

AO 72A
(Rev.8/82)

and Movant filed a response in opposition [Doc. 114]. For the reasons discussed below, I recommend that the Government's motion to dismiss be granted.

I.   Background

On June 14, 1995, a jury found Movant guilty of (1) armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d); (2) using and carrying a firearm during and in relation to a federal crime of violence, in violation of 18 U.S.C. § 924(c); (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g); and (4) possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). [*See* Doc. 111 at 2]. On August 28, 1995, the District Court sentenced Movant to 322 months of imprisonment followed by three years of supervised release. [*See id.*]. Movant appealed, and the United States Court of Appeals for the Eleventh Circuit affirmed on August 27, 1996. *See United States v. Wright*, 96 F.3d 1457 (11th Cir. 1996) (table).

Movant filed a motion to vacate on August 19, 2002, and the District Court denied the motion as untimely and lacking merit on January 6, 2003. [Docs. 42 and 45; *see also* Doc. 111 at 2-3]. The Eleventh Circuit denied Movant's motion for a certificate of appealability on May 13, 2003. [Doc. 55; *see also* Doc. 111 at 3]. Movant executed a second motion to vacate on June 20, 2006, and the District Court denied the motion as untimely and successive on April 25, 2007. [Docs. 56

and 61]. Movant executed a third motion to vacate on March 11, 2009, and the District Court denied the motion for lack of jurisdiction on May 21, 2009. [Docs. 82 and 85]. The Eleventh Circuit denied Movant's motion for a certificate of appealability on December 18, 2009. [Doc. 100]. Movant executed his construed fourth motion to vacate on April 24, 2015. [Doc. 102 at 8].

II.   Discussion

Unless the Court of Appeals authorizes a second or successive motion to vacate, the District Court lacks jurisdiction to consider such a motion. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam). Movant has not obtained authorization from the Eleventh Circuit to file a second or successive motion to vacate. However, Movant's construed fourth motion to vacate primarily concerns the May 3, 2004, vacatur of six of the ten prior state convictions comprising his criminal history at the time of his federal sentencing. [Doc. 107 at 2; Doc. 107-1]. The vacatur occurred after the proceedings on Movant's first motion to vacate concluded on May 13, 2003. Therefore, Movant's construed fourth motion to vacate initially appears not to qualify as second or successive. *See Stewart v. United States*, 646 F.3d 856, 865 (11th Cir. 2011) (holding that numerically second motion to vacate was not second or successive under § 2255(h) because motion was based on

3

vacatur of prior state convictions after conclusion of proceedings on first motion to vacate).

"[T]he state court vacatur of a predicate conviction is a new 'fact' that triggers a fresh one-year statute of limitations under [28 U.S.C.] § 2255(f)(4), so long as the [movant] exercised due diligence in seeking that order." *Stewart*, 646 F.3d at 858 (citing *Johnson v. United States*, 544 U.S. 295, 302 (2005)) (footnote omitted).  The vacatur of Movant's prior state convictions occurred more than two years before he executed his numerically second motion to vacate on June 20, 2006.  Movant noted the vacatur in that motion, which the District Court denied as untimely and successive.  [Doc. 56 at 5; Doc. 61].[1]  Because Movant was able to include the vacatur in his numerically second motion to vacate, his construed fourth motion to vacate is impermissibly successive.  *See Boykin v. United States*,

---

[1] "Diligence [in seeking the vacatur of a prior state conviction] is shown by the [movant's] prompt filing of a state habeas petition, as measured from the date that judgment was entered on the enhanced federal sentence." *Rivers v. United States*, 416 F.3d 1319, 1322 (11th Cir. 2005) (per curiam).  Movant's federal judgment was entered on August 28, 1995, but he filed his state habeas petition more than four years later.  *See Wright v. Scott*, No. HC02692 (Fulton Cty. Ga. Super. Ct. filed Oct. 12, 1999), *available at* http://justice.fultoncountyga.gov/PASupCrtCM/CaseDetail.aspx?CaseID=6136930 (last visited Sept. 29, 2015).  Movant's delay in seeking state habeas relief shows a lack of diligence.  *See Johnson*, 544 U.S. at 311 (determining that delay of more than three years "fell far short of reasonable diligence").  Even if Movant had acted diligently, the statute of limitations in § 2255(f)(4) would have expired on May 3, 2005, which was one year after the vacatur of his prior state convictions.

AO 72A
(Rev.8/82)

592 F. App'x 809, 812 (11th Cir. 2014) (per curiam) (holding that third motion to vacate was successive because claim regarding vacated state conviction existed when second motion to vacate was filed, and district court had denied that claim as untimely).

Movant also argues that his construed fourth motion to vacate should be considered under Federal Rule of Civil Procedure 60(b) and 28 U.S.C. § 1651. [Doc. 114 at 5].  However, neither Rule 60(b) nor § 1651 may be used to circumvent the restriction on second or successive motions to vacate.  *See Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) (applying *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)); *Morales v. Fla. Dep't of Corr.*, 346 F. App'x 539, 540-41 (11th Cir. 2009) (per curiam).  I conclude that the District Court lacks jurisdiction to consider Movant's construed fourth motion to vacate because he failed to obtain authorization from the Eleventh Circuit to file that motion.[2]

---

[2] Due to the lack of jurisdiction, I need not address Movant's arguments regarding the following cases:  *Johnson v. United States*, 135 S. Ct. 2551 (2015); *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011); and *United States v. Canty*, 570 F.3d 1251 (11th Cir. 2009).  [Doc. 102 at 3; Doc. 109 at 1-3].

5

III.     Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

6

A COA should be denied because it is not debatable that Movant's construed fourth motion to vacate is impermissibly successive. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

IV. Conclusion

Based on the foregoing, I **RECOMMEND** that the Government's motion to dismiss [Doc. 111] be **GRANTED**, the construed fourth motion to vacate [Doc. 102] be **DISMISSED**, and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the construed fourth motion to vacate to me.

**IT IS SO RECOMMENDED**, this 30th day of September, 2015.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE