IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANDREW BURL WRIGHT,
BOP Reg. # 45699-019,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

CRIMINAL ACTION NO.
1:95-CR-139-LMM-GGB-1

CIVIL ACTION NO.
1:15-CV-1500-LMM

**ORDER**

This matter is before the Court on Movant's construed fourth 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, Dkt. No. [102]; Respondent's motion to dismiss, Dkt. No. [111]; the Magistrate Judge's Final Report and Recommendation ("R&R"), Dkt. No. [115]; Movant's document titled "Request for Judicial Notice and Written Findings on the Subject Matter Regarding the Magistrates Act," which the Clerk has docketed as a motion, Dkt. No. [119]; and Movant's objections, Dkt. No. [120]. The Magistrate Judge recommends that Respondent's motion to dismiss be granted, Movant's construed fourth motion to vacate be dismissed as impermissibly successive, and a certificate of appealability be denied. (Dkt. No. [115] at 7.)

Movant (1) states that "he did not consent" to the referral of this matter to the Magistrate Judge, and (2) asks the Court to "conduct an independent screening . . . ." (Dkt. No. [119] at 3, 5.) The Court was not required to obtain Movant's consent in

AO 72A
(Rev.8/82)

order to refer this matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Civil Local Rule 72. In addition, the Court must "make a de novo determination of those portions of the [R&R] to which objection is made" and "may accept, reject, or modify [the R&R], in whole or in part . . . ." 28 U.S.C. § 636(b)(1)(C). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

As to Movant's objections, the Court first notes that Movant previously filed three motions to vacate. (*See* Dkt. No. [110] at 1 n.1; Dkt. No. [115] at 2-3.) He initiated the present action by filing a "Motion to Reopen Section 2255 Based on New Authority of the Eleventh Circuit." (Dkt. No. [102] at 1.) Although that filing bore the docket number of Movant's second motion to vacate, the Clerk construed the filing as Movant's fourth motion to vacate, and the Magistrate Judge considered it accordingly. Movant objects to the characterization of his filing as his fourth motion to vacate. (Dkt. No. [120] at 1.)

The Court determines that Movant's filing was properly construed as his fourth motion to vacate based upon its title, presentation, and use of the docket number of his second motion to vacate. As the Magistrate Judge correctly explained, the construed fourth motion to vacate is impermissibly successive, and Movant failed to

2

AO 72A
(Rev.8/8
2)

obtain authorization from the Eleventh Circuit to file that motion. (Dkt. No. [115] at 3-5.) Furthermore, Movant may not use Federal Rule of Civil Procedure 60(b) or 28 U.S.C. § 1651 to circumvent the restriction on second or successive motions to vacate. (*Id.* at 5.) The Court expresses no opinion regarding Movant's ability to obtain relief by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and the "savings clause" of 28 U.S.C. § 2255(e). If Movant wishes to pursue such a petition, he must initiate a new case.

Accordingly, Movant's objections, Dkt. No. [120], are **OVERRULED**; Movant's document titled "Request for Judicial Notice and Written Findings on the Subject Matter Regarding the Magistrates Act," construed as a motion, Dkt. No. [119], is **DENIED**; the Magistrate Judge's R&R, Dkt. No. [115], is **ADOPTED** as the opinion of the Court; Respondent's motion to dismiss, Dkt. No. [111], is **GRANTED**; the construed fourth motion to vacate, Dkt. No. [102], is **DISMISSED** as impermissibly successive; and a certificate of appealability is **DENIED**.

The Clerk is **DIRECTED** to close civil action number 1:15-CV-1500-LMM.

**IT IS SO ORDERED** this 13th day of November, 2015.

LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)